IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01079-GPG

AMBER WINKELMANN,

    Plaintiff,

v.

COLORADO SPRINGS POLICE DEPARTMENT,

    Defendant.

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8**

    Plaintiff, Amber Winkelmann, resides in Colorado Springs, Colorado.  On May 22, 2015, she submitted a Motion to File Without Payment of Filing Fee (ECF No. 1) and a CD containing photo evidence (ECF No. 3).  On May 26, 2015, the Court directed Plaintiff to cure certain designated deficiencies within thirty days if she wished to pursue her claims. (ECF No. 4).  Specifically, the Court ordered her to submit her application to proceed in district court without prepaying fees or costs on the proper form and to submit a Complaint. (*Id.*)  On June 18, 2015, Plaintiff filed an Amended Complaint and a Motion and Affidavit for Leave to Proceed Under 28 U.S.C. § 1915. (ECF Nos. 5, 6).

    Although it appears Plaintiff attempted to comply with the Court's order, the Court has determined that the submitted Complaint is still deficient as described in this order.  Ms. Winkelmann will have one additional opportunity to cure the following deficiencies if she wishes to pursue her claims.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.

**Application to Proceed in District Court Without Prepaying Fees or Costs**:

(1) __ is not submitted
(2) __ is not on proper form (must use the federal Court's current form, which can be found at www.cod.uscourts.gov).
(3) __ is missing original signature by Plaintiff
(4) __ is missing affidavit
(5) __ affidavit is incomplete
(6) __ affidavit is not properly notarized
(7) __ names in caption do not match names in caption of complaint, petition or application
(8) __ other:

**Complaint or Petition**:
(9) __ is not submitted
(10) __ is not on proper form (must use the court's current form)
(11) __ is missing an original signature by the Plaintiff
(12) X  is incomplete (pages 3 and 5 are missing)
(13) __ uses et al. instead of listing all parties in caption
(14) __ names in caption do not match names in text of Complaint
(15) X  addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(16) X  other: "Colorado" is not a valid statutory authority to assert jurisdiction. It appears Plaintiff is attempting to pursue claims under 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

The Court must construe the Amended Complaint liberally because Ms. Winkelmann is not represented by an attorney. *See Haines v. Keener*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Winkelmann will be ordered to file a second amended complaint if she wishes to pursue her claims in this action.

The Amended Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The complaint is confusing and unintelligible in many paragraphs. The Court directs Ms. Winkelmann to submit an amended complaint that complies with the pleading requirements of Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to

conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

It is Ms. Winkelmann's responsibility to present her claims in a manageable and readable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims. Ms. Winkelmann must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or defendants be required to sift through Ms. Winkelmann's allegations to locate the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

It appears that Ms. Winkelmann is attempting to pursue an action against the

Colorado Spring Police Department for violation of her civil rights. Presumably, she is attempting to state claims for an action under 42 U.S.C. § 1983.

To state a constitutional deprivation pursuant to 42 U.S.C. § 1983, Plaintiff must explain (1) what a defendant did to her; (2) when the defendant did it; (3) how the defendant's action harmed her; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also is directed that she must assert personal participation by a named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Although Plaintiff names specific police officers in the text of her Complaint, they are not listed as Defendants.

Plaintiff's Amended Complaint is also deficient because the Colorado Springs Police Department is not an entity separate from the City of Colorado Springs, and, therefore is not a person subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

Furthermore, to hold the City of Colorado Springs liable under 42 U.S.C. § 1983, Ms. Winkelmann must allege facts to show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).

Municipalities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Additionally, the Court notes that, in her claim for relief, Ms. Winkelmann requests financial relief and expungement of a case, presumably her state court conviction. (ECF No. 5 at 4). However, expungement of a state criminal conviction is not a proper request for relief in a § 1983 action. If Plaintiff wishes to challenge her conviction, she should file a direct appeal, a post-conviction collateral attack, apply for an executive expungement, or if she is still incarcerated, file for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (listing ways to challenge a state court conviction or sentence).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8. Plaintiff will be given an opportunity to cure the deficiencies in her complaint by submitting a second amended complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8. The Court will not consider any claims raised in separate attachments, CDs, amendments, supplements, motions, or other documents not included in the second amended complaint.

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty**

**(30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in curing the designated deficiencies and filing a second amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies or fails to file a second amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure **within thirty (30) days from the date of this order**, the action will be dismissed without further notice.

DATED June 24, 2015, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge