IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01079-GPG

AMBER WINKELMANN,

    Plaintiff,

v.

COLORADO SPRINGS POLICE DEPARTMENT,
INITIALS OF THOSE OUTLINED IN REPORT RESPECTIVELY,
    D.A.T, J.G., G.G.W., D.H.L, D.D.C., J.W.J, Jr., J.C.H., J.M.T., C.L.R., J.L.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Amber Winkelmann, resides in Colorado Springs, Colorado. On May 22, 2015, she submitted a Motion to File Without Payment of Filing Fee (ECF No. 1) and a CD containing photo evidence (ECF No. 3). On May 26, 2015, the Court directed Plaintiff to cure certain designated deficiencies within thirty days if she wished to pursue her claims. (ECF No. 4).

On June 18, 2015, Plaintiff filed an Amended Complaint and a Motion and Affidavit for Leave to Proceed Under 28 U.S.C. § 1915. (ECF Nos. 5, 6). However, the Court again determined that the submitted Complaint was deficient. On June 24, 2015, the Court ordered Ms. Winkelmann to file an amended complaint that cured the designated deficiencies and complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure if she wished to pursue her claims in this action. Specifically, the Court directed Plaintiff to submit a complete complaint, provide addresses for all defendants, assert a valid basis for jurisdiction, and provide a short

and plain statement of her claims showing she is entitled to relief. The Court warned Ms. Winkelmann that, if she failed to cure the designated deficiencies and failed to file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure, the action would be dismissed without further notice.

On July 14, 2015, Ms. Winkelmann filed an Amended Complaint. (ECF No. 8). The Court must construe the Amended Complaint liberally because Ms. Winkelmann is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Amended Complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will be dismissed.

The Court has reviewed the Amended Complaint and finds that it is still deficient. Ms. Winkelmann has failed to cure the designated deficiencies as instructed by the Court. She was instructed in the Court's June 24, 2015 Order to provide addresses for the defendants (ECF No. 7 at 2), but failed to do so (ECF No. 8 at 2). She also failed to assert a valid basis for jurisdiction, even after the Court informed her that it appeared she was asserting jurisdiction pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. (ECF No. 7 at 2). Instead, the Amended Complaint lists the United States District Court as the basis for jurisdiction. (ECF No. 8 at 2). As such, Ms. Winkelmann has failed to cure the designated deficiencies in the complaint, as instructed by the court.

Additionally, the Amended Complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so

that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The Amended Complaint, similar to Plaintiff's original complaint, is confusing and difficult to follow.  As the Court noted in the June 24, 2015 Order to Cure and Amend (ECF No. 7), it appears that Plaintiff is attempting to bring claims pursuant to 42 U.S.C. § 1983.  However, the Amended Complaint does not clarify if the claims are based on § 1983 and does not allege any specific constitutional violation.

Further, although Plaintiff used the current court-approved form, as previously directed to do, she did not follow the format the court-approved form provides.  For

example, in the "First Claim for Relief" section instead of listing a claim, she includes a "List of Authorities" and then an "Abstract." (ECF No. 8 at 3-4).  Then, the following pages, which are supposed to contain the second through fourth claims for relief and supporting factual allegations do not contain the second through fourth claims, but instead numerous numbered paragraphs of confusing and sometimes unintelligible factual allegations.

Construing the Amended Complaint as liberally as possible, the Court finds that the numbered factual allegations attempt to assert claims that Ms. Winkelmann has lost wages, been denied employment, and suffered financial and physical injuries, as well as damage to her reputation, as a result of:

> (1) Colorado Springs police officers' breech of a verbal promise to not allow the cats out of her home after she was detained; and Mr. Gilman stating that her bail would be approximately $80.00, which constituted "unusual behavior" considering she was charged with violently assaulting someone with a deadly weapon just minutes before;
>
> (2a) Mr. Tapia was contributorily negligent when he forced a door into Ms. Winkelmann's shoulder, which sent her into a "fight or flight" response that caused Ms. Winkelmann to run away from officers;
>
> (2b) Mr. Tapia placed himself in a position that if she had complied and rolled over as he instructed, before Mr. Gilman tased her, she would have flipped Mr. Tapia, likely resulting in injury;
>
> (2c) Ms. Winkelmann sustained an injury (severe cervical strain of the spine) when Mr. Tapia used force to push Ms. Winkelmann's neck and shoulder into the ground while she attempted to ask questions with composure and lack of profanity;
>
> (3a) damage to Ms. Winkelmann's reputation based on CBI reports that have significant clerical errors as to her ethnicity and/or telephone number and address;

>   (4) she had two jobs during which time it is claimed she had a warrant for failure to appear for traffic violations;
>
>   (5) her boyfriend was laid off from his job perhaps because she phoned him at his workplace while she was in CSPD custody and also his household protective handgun was wrongfully confiscated;
>
>   (6) Poor documentation in state criminal case 2015-009770, where Ms. Winkelmann was listed as a "victim," her name was misspelled, and it notes that the officers sustained zero injuries of any kind.

(ECF No. 5 at 6-7).

All of the claims in the Amended Complaint fail to provide a short and plain statement showing that Ms. Winkelmann is entitled to relief. Initially, claims four, five, and six are confusing and fail to state any recognizable claim. Additionally, those claims fail to link any of the factual allegations with any particular defendant and fail to allege what any Defendant did that allegedly violated her rights. As a result, Ms. Winkelmann fails to give Defendants fair notice of the specific claims being asserted against them.

The other claims allege that either the Colorado Springs Police Department ("CSPD") or two other individuals, identified as Mr. Gilman and Mr. Tapia, caused Plaintiff some injury. In her first claim, Ms. Winkelmann asserts wrongdoing by CSPD officers (breech of verbal promise to not allow her cats out of the house) and Mr. Gilman (who stated her bail would be approximately $80.00, which is "unusual behavior" since charges claim she violently assaulted someone with a deadly weapon just minutes before). However, as the Court informed Ms. Winkelmann in the June 24, 2015 Order, the Colorado Springs Police Department is not an entity separate from the City of Colorado Springs, and, therefore is not a person subject to suit under § 1983. (ECF No. 7 at 4); *see Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), aff'd, 986 F.2d

1429 (10th Cir. 1993)).  Further, to state a § 1983 claim against the City of Colorado Springs, Ms. Winkelmann must allege facts to show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. (ECF No. 7 at 4); *see City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  However, Ms. Winkelmann has failed to allege any unconstitutional policy or custom of the City of Colorado Springs.

Additionally, Mr. Gilman is not listed as a Defendant in the Complaint.  Although Plaintiff may have attempted to include him as a Defendant by including "initials of the officers listed in the report" in the caption of the Complaint, the names in the complaint caption must match the names of the defendants in the Complaint.  A court and a defendant cannot be forced to sift through the Complaint and accompanying documents to try to match up initials on a complaint with specific names alleged in the text of the complaint.  Finally, it is unclear what constitutional right Mr. Gilman allegedly violated by telling Plaintiff that her bail would be $80.00.

As to the second claim, Ms. Winkelmann asserts "contributory negligence and misfeasance" by Mr. Tapia apparently because the only reason she got scared and ran from the police officers is because he "forcibly mov[ed] the door into Ms. Winkelmann's shoulder when she held the door ajar."  She also states if she complied with his instruction to roll over, before Mr. Gilman tased her, she likely would have injured Mr. Tapia.  Finally, she states she sustained a severe cervical strain of the spine when Mr. Tapia "used force to push Ms. Winkelmann's neck & shoulder into the ground."  However, similar to the allegations against Mr. Gilman, Mr. Tapia is also not a named defendant in the Complaint.  Further, the allegations of "contributory negligence and

6

misfeasance" by Mr. Tapia do not state a federal constitutional claim. Although her further allegations, read in the most liberal sense, might be attempting to assert an excessive force claim, Ms. Winkelmann fails to adequately allege excessive force or any other constitutional violation. The relevant allegations specifically state:

> 2(b). Mr. Tapia placing himself in a position in proximity to her body that if she had complied & rolled over as he asked before being tased by Mr. Gilman, she would have flipped Mr. Tapia, likely resulting in injury.
>
> 2(c). Feeding into the diagnosed injury Ms. Winkelmann's sustained (severe cervical strain of the spine, which Colorado Department of Healthcare can verify, Member ID O803807) when juxtaposed with her post detainment conduct of cooperation when Mr. Tapia used force to push Ms. Winkelmann's neck & shoulder in to the ground while she attempted to ask questions with composure & lack of profanity.

Although Ms. Winkelmann asserts that Mr. Gilman "tased" her and that Mr. Tapia used "force" and that she suffered a "diagnosed injury," she fails to assert that the force was excessive or that her constitutional rights were violated. As such, this claim (against Mr. Gilman and Mr. Tapia, who are not named defendants), also fails to adequately plead that a federal right was violated.

Last, in her third claim, Ms. Winkelmann alleges that clerical errors by the CSPD damaged her reputation. As discussed above, in order to state a claim against the CSPD, which is really a claim against the City of Colorado Springs, Ms. Winkelmann must allege facts to show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged, which she does not. Further, the allegations that clerical errors in reports caused damage to her reputation do not state a federal constitutional claim.

The general rule that *pro se* pleadings must be construed liberally has limits and

"the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs"); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not h[er] conclusory allegations." *Hall*, 935 F.2d at 1110. Because Ms. Winkelmann fails to provide a clear and concise statement of the claims she is asserting, the Court finds that the Amended Complaint must be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Amended Complaint (ECF No. 8) and the action are DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Ms. Winkelmann has failed to file a complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that Plaintiff's Original and Amended Motion and Affidavit for Leave to Proceed Under 28 U.S.C. § 1915 (ECF No. 1 and 6) are DENIED as MOOT.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  28th  day of    July   , 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court